VENABLE LLP
Sarah S. Brooks (SBN 266292)
ssbrooks@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

VENABLE LLP
Frank M. Gasparo (Admitted *Pro Hac Vice*)
Ralph A. Dengler (Admitted *Pro Hac Vice*)
fmgasparo@venable.com
radengler@venable.com
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598

QUINN EMANUEL URQUHART & SULLIVAN, LLC
Joseph M. Paunovich (SBN 228222)
Bruce E. Van Dalsem (SBN 124128)
Gavin Kenneth Snyder (SBN 278462)
joepaunovich@quinnemanuel.com
brucevandalsem@quinnemanuel.com
gavinsnyder@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant Multi Media, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAG ACQUISITION, L.L.C.,<br><br>*Plaintiff*,<br><br>v.<br><br>MULTI MEDIA, LLC,<br><br>*Defendants*. | Case No. 2:19-cv-07076-SJO-GJS<br><br>Honorable S. James Otero<br>Courtroom 10C<br><br>**MOTION TO STAY**<br><br>Hearing Date: November 4, 2019<br>Time: 10:00 a.m.<br>Courtroom: 10C |

**TO ALL THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 4, 2019, at 10:00 a.m., or as soon thereafter as this matter may be heard, Defendant Multi Media, LLC ("Multi Media") will and hereby respectfully moves to stay Plaintiff WAG Acquisition, L.L.C.'s lawsuit, pending the Federal Circuit's remand of the *Inter Partes* Review of one of Plaintiff's asserted patents.

This Motion will be heard in the Courtroom of Judge S. James Otero for the United States District Court for the Central District of California. The Court is located at 350 West 1st Street, Los Angeles, CA. 90012, Courtroom 10C.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, the pleadings on file herein and upon such other matters as may be presented to the Court at the time of the hearing. It is filed following an in person conference of counsel held on September 27, 2019 pursuant to L.R. 7-3, such that Plaintiff was on notice that this motion would be filed, and Plaintiff does not consent to this motion.

DATE: October 7, 2019        VENABLE LLP

By: */s/ Sarah S. Brooks*
Sarah S. Brooks
Frank M. Gasparo (Admitted *Pro Hac Vice*)
Ralph A. Dengler (Admitted *Pro Hac* Vice)

*Attorneys for Defendant Multi Media, LLC*

## I.  INTRODUCTION

Plaintiff WAG Acquisition, LLC ("WAG") sued defendant Multi Media LLC ("Multi Media") on April 11, 2014, alleging infringement of U.S. Patent Nos. 8,122,141 (the '141 Patent) and 8,327,011 (the '011 Patent). That case was transferred from the District of New Jersey to this Court on August 16, 2019 (Civil Action No. 2:14-cv-02340, Dkt. No. 190).[1]  Multi Media respectfully requests a stay of this case.

WAG is asserting claims 10, 14, 15, 17, 19, 21 and 24 of the '141 Patent, and claims 1 and 4 of the '011 Patent against Multi Media. Six out of seven of the '141 Patent claims currently are subject to *inter partes* review ("IPR"), and recently were remanded from the Federal Circuit to the Patent Trial and Appeal Board ("PTAB"). Since these claims may be invalidated by the IPR, a stay of this litigation is warranted.

Before this case was transferred, only liability fact discovery was completed. The parties here have yet to begin the Rule 26(f) process. Significant litigation remains, including: claim construction (involving terms in claims 10, 15, 17 and 24 of the '141 Patent); expert reports and discovery; dispositive motion practice; pre-trial proceedings; and trial. A stay would conserve the Court's and the parties' time and resources, result in no unnecessary delay, and avoid the potential for inconsistent judgments between this Court and the PTAB. All relevant factors favor staying this case.

## II.  THE IPR

On June 5, 2017, Multi Media joined an already-instituted IPR of the '141 Patent, IPR2016-01238. Following trial, the PTAB issued a Final Written Decision invalidating claims 10-23. IPR2016-01238, Paper 22. WAG appealed. On August 26, 2019, the Federal Circuit vacated the PTAB's decision based on claim construction, and

---

[1] WAG sued several other defendants in the District of New Jersey. The other defendants' cases were also transferred but to different venues: *WAG v. Data Conversions, Inc. et al.* (D. Nev., 3:19-cv-00489); *WAG v. Flying Crocodile, Inc.* (W.D. Wash., 2:19-cv-01278); *WAG v. FriendFinder Networks Inc. et al.* (N.D. Cal., 3:19-cv-05036); *WAG v. Gattyan Group S.a.r.l.*, (D.N.J., 2:14-cv-02832); *WAG v. Sobonito Investments Ltd. et al.* (D.N.J., 2:14-cv-01661); *WAG v. Vubeology, Inc.*, (W.D. Tex., A-19-cv-00805); and *WAG v. WebPower, Inc.*, (S.D. Fla., 9:19-cv-81155).

remanded the IPR for further proceedings consistent with its opinion. *WAG Acquisition, LLC v. WebPower, Inc.*, No. 2018-1617, 2019 WL 4011484 (Fed. Cir. Aug. 26, 2019). The Federal Circuit's mandate has issued, and the PTAB now will have another opportunity to invalidate claims of the '141 Patent in light of the Federal Circuit's guidance on claim construction.

## III. LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted). While the case law in this district lists several considerations that are helpful in determining whether to order a stay, ultimately "the totality of the circumstances governs." *Universal Elecs, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination." *Id.*

Courts in this district generally consider three factors when determining whether to grant such a stay: (1) whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and trial; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Black Hills Media, LLC v. Pioneer Elecs. (USA) Inc.*, No. CV 14-00471 SJO (PJWx), 2014 U.S. Dist. LEXIS 133664, at *13 (C.D. Cal. May 8, 2014).

Each of these factors weighs in favor of granting a stay.

## IV. ARGUMENT

### 1. The stage of litigation favors a stay.

The first factor the Court considers is the stage of the proceedings, including whether discovery is complete and whether a trial date has been set. *Nichia Corp. v. Vizio, Inc.*, No. SA CV 16-00545 SJO, 2017 U.S. Dist. LEXIS 183610, at *12 (C.D. Cal. Feb. 2, 2017). Despite the age of this case, substantial work remains to be done. Only liability fact discovery is complete (Dkt. No. 186, 1). Damages discovery was

previously bifurcated and has not begun (Dkt. No. 107, 3; Dkt. No. 139, 5). And while the parties previously filed a Joint Claim Construction Statement in the District of New Jersey[2] (Dkt. No. 157-1), that is the extent of the claim construction process: neither claim construction briefing nor a *Markman* hearing have been scheduled. The parties have not filed dispositive motions, and a trial date also has not been set.

Under similar circumstances, many Courts in this district have found that this factor favors granting a stay. *See, e.g.*, *Game & Tech. Co. v. Riot Games, Inc.*, No. CV 16-06486-BRO (SK), 2016 U.S. Dist. LEXIS 187911, at *4-5 (C.D. Cal. Nov. 4, 2016) (weighing this factor in favor of a stay where cases were recently transferred, the court had not held a scheduling conference nor scheduled a trial date, discovery had begun but no expert discovery had occurred, and although preliminary claim constructions had been exchanged, no claim construction briefs had been filed); *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP (SPx), 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (weighing this factor in favor of a stay where the parties had submitted claim construction briefs, but the *Markman* hearing had not taken place and no disputed claim terms had been construed by the Court); *Sleep No. Corp. v. Sizewise Rentals, LLC*, No. ED CV 18-00356 AB (SPx), 2019 U.S. Dist. LEXIS 40661, at *6-8 (C.D. Cal. Feb. 12, 2019) (weighing this factor in favor of a stay even though the case was no longer in its "nascent" or even in its "early" stages because "more work lies ahead for the Court and the parties than what lies behind them"); and *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012) (same). Indeed, when compared to these and many other cases in this district where a motion to stay pending IPR was considered, the present case is still in its "early stages." *Polymer Tech. Sys. v. Jant Pharmacal Corp.*, No. LA CV15-02585 JAK (Ex), 2015 U.S. Dist. LEXIS 179423, at *9 (C.D. Cal.

---

[2] Given the Federal Circuit's recent mandate and the fact that the WAG cases are no longer consolidated in a single action, Multi Media reserves the right to propose alternative constructions in this action.

Aug. 20, 2015) ("The early stage of the proceedings favors the entry of the stay.").

## 2. A stay will simplify the issues, reduce the burden on the parties and the Court, and streamline trial.

The second factor that the Court considers is whether granting a stay will simplify the issues and trial of the case. *Nichia*, 2017 U.S. Dist. LEXIS 183610, at *13. "The standard is simplification of the district court case, not complete elimination of it by the PTAB." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014). A stay would simplify the issues in this case.

First, the number of claims at issue could be significantly reduced. WAG is asserting claims 10, 14, 15, 17, 19, 21 and 24 of the '141 Patent, and claims 1 and 4 of the '011 Patent against Multi Media. If the PTAB finds again on remand that the claims of the '141 Patent are invalid, only three claims will remain (claim 10 of the '141 Patent and claims 1 and 4 of the '011 Patent). This would greatly reduce the work load for claim construction, experts, dipositive motions, and trial. *See Tire Hanger Corp. v. My Car Guy Concierge Servs.*, No. 5:14-cv-00549-ODW(MANx), 2015 WL 857888, at *2 (C.D. Cal. Feb. 27, 2015) (weighing this factor in favor of a stay and noting that the IPR "will at the very least simplify the issues and streamline the litigation by reducing claim construction disputes and minimizing the number of claims that the parties need to address").

Second, any findings in the IPR about the '141 Patent will also be informative for the '011 Patent. The '011 Patent is a continuation of the '141 Patent, and has an identical specification. Many terms in the asserted claims of the '141 Patent also appear in the asserted claims of the '011 Patent. For instance, the '141 Patent term "rate at which said streaming media is played back by a user" (appearing in claims 10 and 24), which was the basis of the Federal Circuit's remand, has a similar counterpart in asserted claim 4 of the '011 Patent: "rate at which the media data elements are to be played out by the media player."

Given the large overlap in issues between the two Patents-in-Suit, allowing this

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

case to proceed in a piecemeal fashion could lead to conflicting treatment of the two related patents in discovery and claim construction. *Finjan, Inc. v. Palo Alto Networks, Inc.*, 14-cv-04908-PJH, 2016 U.S. Dist. LEXIS 69363, at *3 (N.D. Cal. May 26, 2016) ("Allowing the suit to proceed only with respect to 6 of the 10 asserted patents would be cumbersome, and proceeding in such a piecemeal fashion could lead to duplicative efforts in discovery and claim construction.").

Third, even if some or all of the remanded '141 Patent claims survive the IPR, the PTAB's decision will provide the Court with "expert evaluation of the issues by the Patent Office." *SCA Hygiene Prods. Aktiebolag v. Tarzana Enters., LLC*, No. CV 17-04395-AB (JPRx), 2017 U.S. Dist. LEXIS 218330, at *12 (C.D. Cal. Sept. 27, 2017); *see also Spellbound Dev. Grp., Inc. v. Pacific Handy Cutter, Inc.*, No. SACV 09-951 DOC (Anx), 2011 WL 1810961, at *2 (C.D. Cal. May 12, 2011) ("Some of the advantages of a stay include the fact that the record of the reexamination may be entered at trial[;] that the PTO's expertise will govern[,] thus simplifying the case; that evidentiary and other issues will be further narrowed following a reexamination; and that costs will be reduced."); *Nichia*, 2017 U.S. Dist. LEXIS 183610, at *14 ("[E]ven a confirmation by the PTO of all claims is assistive here . . . since staying the case pending reexamination will allow the parties to complete the prosecution history, which will inform the parties' and the Court's constructions of the asserted claims.") (internal quotations marks omitted).

Fourth, a stay will simplify the invalidity aspects of the case. Multi Media will be estopped from advancing invalidity arguments that it raised or could have raised before the PTAB. 35 U.S.C. § 315(e)(2). This "heavily tips the scale in favor of granting the stay." *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *4 (N.D. Cal. Sept. 17, 2013); *see also Wonderland Nursery Goods*, 2015 WL 1809309, at *3 (weighing this factor in favor of a stay noting that "significant judicial resources will be saved" by estoppel); *Core Optical Techs., LLC v. Fujitsu Network Commc'ns., Inc.*, No. SACV 16-00437-AG-JPRx, 2016 WL

7507760, at *2 (C.D. Cal. Sep. 12, 2016) (barring defendant from raising arguments that were raised or reasonably could have been raised in the IPR would "conserve both the Court's and the parties' resources"); *Cannarella v. Volvo Car U.S. LLC*, No. CV 16-6195-RSWL-JEMx, 2016 U.S. Dist. LEXIS 192449, at *34 (C.D. Cal. Dec. 12, 2016) (statutory estoppel will "prevent[] unnecessary litigation post-IPR").

### 3. WAG will not suffer any tactical disadvantage or undue prejudice.

The third factor considers whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Nichia*, 2017 U.S. Dist. LEXIS 183610, at *15-16. "A primary issue in an undue prejudice analysis is whether the parties are competitors such that a stay would cause irreparable harm to the patentee in the market." *Nichia Corp. v. VIZIO, Inc.*, SACV 18-00362 AG (KESx), 2018 WL 2448098, at *3 (C.D. Cal. May 21, 2018).

Here, the parties are not competitors. WAG largely is a non-practicing entity, and regardless, it does not compete in any market with Multi Media. Granting a stay will not diminish WAG's ability to seek monetary damages. *See Black Hills Media*, 2014 U.S. Dist. LEXIS 133664, at *19 ("Plaintiff is a patent licensing company and does not compete directly with Defendant, so monetary damages will sufficiently compensate Plaintiff for any delay ca[u]sed by a stay."); *Core Optical Techs.*, 2016 WL 7507760, at *2 ("Because Core can adequately be compensated with monetary damages for any infringement and will not lose sales or market shares as a result of a stay, Core's status as a non-practicing entity weighs in favor of a stay."); *Tierravision, Inc. v. Google, Inc.*, No. 11cv2170 DMS (BGS), 2012 WL 559993, at *3 (S.D. Cal. Feb. 21, 2012) ("Especially where Plaintiff does not practice the patented invention, and is not a competitor of Defendant, the mere fact and the length of any delay in this case does not demonstrate prejudice sufficient to deny Defendant's request for a stay.").

### 4. Under the totality of the circumstances, a stay is warranted.

"Although many courts have focused on the three factors, absent any controlling precedent limiting the inquiry to these elements, the court finds that the analysis is not

so limited but rather that the totality of the circumstances governs." *Nichia*, 2017 U.S. Dist. LEXIS 183610, at *20 (internal quotations marks omitted). Here, in addition to considering the above three factors, the totality of the circumstances fully favors a stay. Multi Media timely joined WebPower's petition for IPR, and following remand, promptly took actions to stay this case after it was transferred to this district. On remand, the PTAB is obligated to issue a Final Written Decision in six months (absent good cause for extension), minimizing any possible "prejudice" to WAG. In the interim, significant litigation milestones are quickly approaching, including claim construction of terms directly impacted by the IPR. Under the totality of all the circumstances here, a stay is warranted.

## V. CONCLUSION

For all the foregoing reasons, Multi Media's motion should be granted.

DATE: October 7, 2019    VENABLE LLP

By: */s/ Sarah S. Brooks*
Sarah S. Brooks
Frank M. Gasparo (Admitted *Pro Hac Vice*)
Ralph A. Dengler (Admitted *Pro Hac* Vice)

*Attorneys for Defendant Multi Media, LLC*