```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                       WESTERN DIVISION

 4     THE HON. JUDGE JOHN A. KRONSTADT, JUDGE PRESIDING

 5

 6  WAG ACQUISITION, LLC,                )
                                         )
 7                   Plaintiff,          )
                                         )
 8        vs.                            ) NO. 19-CV-7076-JAK
                                         )
 9  MULTIMEDIA, LLC, et al.,             )
                                         )
10                   Defendants.         )
    _____)
11

12

13

14          REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                   Telephonic Conference

16                  Los Angeles, California

17                Monday, September 21, 2020

18

19

20

21

22

23        LISA M. GONZALEZ, CSR No. 5920, CCRR
                  U.S. District Courthouse
24           350 W. First Street - Room 4455
              Los Angeles, California 90012
25          213.894.2979; www.lisamariecsr.com
```

```
 1  APPEARANCES:

 2


 3  FOR THE PLAINTIFF:   LISTON ABRAMSON LLP
                         BY:  RONALD ABRAMSON, ESQ.
 4                            DAVID G. LISTON, ESQ.
                              ALEX G. PATCHEN, ESQ.
 5                            ARI J. JAFFESS, ESQ.
                         The Chrysler Building
 6                       405 Lexington Avenue 46th Floor
                         New York, NY 10174
 7                       212-257-1630

 8                       HUGHES HUBBARD AND REED LLP
                         BY:  RITA M. HAEUSLER
 9                       1999 Avenue of the Stars 9th Floor
                         Los Angeles, CA 90067
10                       213-613-2800

11


12
    FOR THE DEFENDANT:   VENABLE LLP
13                       RALPH A. DENGLER, ESQ.
                         1270 Avenue of the Americias 24th Floor
14                       New York, NY 10020
                         212-307-5500
15
                         VENABLE LLP
16                       BY:  SARAH S. BROOKS
                         2049 Century Park East Suite 2300
17                       Los Angeles, CA 90067
                         310-229-9900
18

19

20

21

22

23

24

25
```

```
 1         Los Angeles, California, Monday, September 21, 2020;
 2                              1:30 p.m.
 3                              -o0o-
 4            THE COURT:  Calling item number 9, LA-CV-19-7076,
 5  WAG Acquisition, LLC, versus, Multimedia LLC, et al.
 6            Counsel, state your appearances, please.
 7            THE COURT:  Starting with plaintiff's counsel,
 8  please.
 9            Would you restate your appearance, please.
10            MR. ABRAMSON:  Ronald Abramson.
11            THE COURT:  Good afternoon, Mr. Abramson.
12            MR. ABRAMSON:  With me is Ari Jaffess,
13  David Liston and Alex Patchen; and Mr. Jaffess will be
14  addressing the status report.
15            THE COURT:  All right.  Good afternoon to all of
16  you.
17            You need to stop, please.  Please just speak one
18  at a time.  Thank you.
19            MR. ABRAMSON:  With me is Rita Haeusler, our
20  counsel in Los Angeles.
21            THE COURT:  All right.  Good afternoon,
22  Ms. Haeusler.
23            MS. HAEUSLER:  Good afternoon, Your Honor.
24            THE COURT:  For the defendants, would you state
25  your appearances, please.
```

1           MR. BROOKS:  This is Sarah Brooks from Venable for
2   defendant Multimedia.
3           THE COURT:  Good afternoon, Ms. Brooks.
4           MR. DENGLER:  And also Ralph A. Dengler from
5   Venable LLC in New York City, also on behalf of Multimedia,
6   LLC.  Good afternoon, Your Honor.
7           THE COURT:  Good afternoon, Mr. Dengler.
8           Were there any other appearances -- any other
9   counsel appearing for defendant?
10          Is there anyone else present on the call who has
11  not stated his or her appearance?
12          All right.  Thank you.
13          First, although we are proceeding telephonically
14  today, the rules that apply to the hearing are the same as
15  if we were all in the courtroom; and they include that there
16  are to be no recordings made of any portion or all of
17  today's hearing whether by audio, video or any other means.
18  The only record of the proceedings will be the transcript
19  that is being prepared by the court reporter.
20          If any person were to record part or all of
21  today's proceedings, it would be in violation of a court
22  order.
23          Second, if you are using a telephone which has a
24  mute feature and you're not speaking, please use the mute
25  feature.  That tends to reduce background noise and

1  feedback, making it easier for the court reporter to hear
2  those who are speaking.
3         Next, each time you do speak, unless we're in a
4  colloquy where it's apparent with whom I'm speaking, each
5  time you do speak, please start by identifying yourself by
6  name so the reporter again knows who is speaking.
7         And although, we all tend to speak more quickly by
8  telephone than in person, please do your best to speak a
9  little more slowly than we all do in typical phone calls,
10 again, so that the court reporter can get your words.
11        I've reviewed the status report, which is at
12 Docket 253.
13        Mr. Jaffess, I don't see -- I'm not showing that
14 WAG has filed an appeal from the determination.  What is the
15 status of that issue?
16        MR. JAFFESS:  Your Honor, WAG has not filed an
17 appeal.
18        THE COURT:  Does WAG intend to do so?
19        MR. JAFFESS:  No, Your Honor.  The time for filing
20 an appeal has passed, Your Honor.
21        THE COURT:  I understand.
22        All right.  Thank you.
23        Then, I think the action should be restored to the
24 Court's active calendar.  Before we get to the specific
25 dates --

1              Well, Ms. Brooks, will you be addressing the
2    issues today primarily for the defendant?
3              MS. BROOKS:  No, Your Honor.  It will be
4    Mr. Dengler.
5              THE COURT:  Mr. Dengler, is there anything you
6    wanted to add concerning lifting the stay?
7              MR. DENGLER:  No, Your Honor.  We do not oppose
8    restoring this to the active calendar.  Thank you.
9              THE COURT:  Thank you.  Now, before we get to
10   dates, you mentioned in your report a settlement process.
11   And in the calendar, the proposed schedule you presented,
12   you proposed a deadline of next May.
13             First, have you discussed the procedure you would
14   prefer to use in the settlement discussion, Mr. Dengler?
15             MR. DENGLER:  We have not, Your Honor.  We have
16   had some formal mediations in the other WAG actions.  By
17   "we," I mean, the collective group of defendants in
18   New Jersey and another defendant in the District of Nevada.
19   Sitting here now, I believe we would probably be interested
20   in a similar format where the parties agree to a mediator
21   and then follow that mediator's rules for submitting briefs
22   and then actually sitting down for the mediation.  That's
23   again, reacting right now, and I would be amenable to WAG
24   and what they'd be interested in doing in that regard.
25             THE COURT:  Mr. Jaffess.

1              MR. JAFFESS:  Your Honor, I believe WAG would be
2    amenable to mediation, but later on.  Not immediately.
3              THE COURT:  Well, as I said, you proposed May 21
4    of next year.
5              Do you think you need that much time?
6              MR. JAFFESS:  I believe after claim construction
7    and some forward movement in the case, it would be a better
8    time.
9              THE COURT:  I'll come back to that with the dates,
10   when we discuss the dates.  What I would like you to do,
11   unless either side objects, is over the next 30 days, I'd
12   like you to confer about private neutrals who you may want
13   to use and see if you can reach an agreement as to one or
14   more of them.
15             If you're unable to reach an agreement, which I
16   doubt, as to one or more of them, then I'd like each side to
17   submit three nominees, and I will pick one of those six.
18             And the reason that I suggest that I typically do
19   this is, as you all know, neutrals do, even in the Covid
20   times, tend to have very crowded calendar, so selecting a
21   neutral sooner is better, and then selecting the date, it
22   will give you a greater likelihood of the neutral being
23   available when needed.
24             Is there any objection to doing that, Mr. Jaffess?
25             MR. JAFFESS:  No, Your Honor.

```
 1              THE COURT:  Mr. Dengler?
 2              MR. DENGLER:  No, Your Honor.  Thank you.
 3              THE COURT:  You're welcome.
 4              Now, with respect to the issue about how much
 5   discovery and the other matters that are related to that, I
 6   think that's something better done when we're a little
 7   farther into the proceedings, so let me turn then to the
 8   schedule that I have in mind.
 9              Mr. Jaffess, Mr. Dengler, does each of you have a
10   copy before you of the schedule of dates, Exhibit A, that
11   were submitted with your joint report?
12              Mr. Jaffess?
13              MR. JAFFESS:  Yes, Your Honor.
14              THE COURT:  And, Mr. Dengler?
15              MR. DENGLER:  Yes, Your Honor.  Thank you.
16              THE COURT:  Here are the dates that I have in mind
17   which are not far off from the dates each of you have
18   suggested.
19              The exchange of claim terms I would set for
20   October 26, 2020.
21              The exchanged proposed constructions and evidence,
22   November 9, 2020.
23              Complete claim construction discovery,
24   December 11, 2020.
25              And the joint Markman pre-hearing statement,
```

1  December 18, 2020.
2            Simultaneous opening Markman briefs, January 11,
3  2021.
4            Simultaneous responding Markman briefs,
5  January 25, 2021.
6            Markman hearing, February 22, 2021.
7            I would expect the Markman decision by March 15,
8  2021.  Obviously, I can't be certain about that given I
9  don't know what the issues are or will be, but assuming that
10 date, then the other dates would flow from it, which would
11 be the patentee files infringement contentions April 12,
12 2021; accused infringer files final invalidity contentions,
13 May 10, 2021.
14           Patentee's rebuttal expert report, June 7, 2021.
15           Complete discovery by June 30, 2021, recognizing
16 that there's an issue.
17           Last date to file a motion, August 2, 2021.
18           With respect to a settlement process, you had
19 proposed a magistrate judge, but now you're proposing a
20 private neutral.  I would adopt for now your date, but
21 suggest that if the Markman issues are resolved with an
22 order in March of 2021, I would expect you'd be able to at
23 least get together with the neutral shortly thereafter and
24 potentially sooner that than.
25           But for now, I'll set it for May 21, 2021, with

1  the joint report due May 28, 2020; and the post-mediation
2  status conference, June 7th 2021 at 1:30.
3              If the joint report states that you've resolved
4  the case -- and I hope it does -- that status conference
5  will go off automatically.  No appearance is required.
6              If the joint report states that you're having
7  ongoing discussions and provide the dates by which you
8  expect them to be completed, I will likely then reschedule
9  the post-mediation status conference to correspond to what
10 you've said in the joint report.
11             And going back to if the joint report states that
12 you have resolved the case, it should also state an
13 estimated date by which you expect to have the matter
14 dismissed so that we can set a corresponding order to show
15 cause.
16             Those are my tentative views with respect to the
17 dates.  As I said, they are not far off from your competing
18 positions.  They ended up in a similar place because I
19 extended the time between the December 18, 2020, Markman
20 pre-hearing statement and the simultaneous briefs to give
21 you time off at the end of the year.
22             So let me start with you, Mr. Jaffess, what about
23 these dates?
24             MR. JAFFESS:  Bear with me just one moment,
25 Your Honor.

1          THE COURT:  Sure.
2          MR. JAFFESS:  So these dates sound good to
3  plaintiff, Your Honor.  I will note that we proposed a
4  tandem briefing motion to amend infringement contentions to
5  add claims.
6          THE COURT:  When do you propose to file that?
7          MR. JAFFESS:  We had proposed to file it
8  October 8th.  Yes, Your Honor.  October 8th on page one of
9  the joint report.
10         THE COURT:  Thank you.  We'll come back to that.
11         Mr. Dengler, what about these dates, and then
12 we'll get to the issue of the motion to amend.
13         MR. DENGLER:  These dates are acceptable to the
14 defendants, Your Honor.  Thank you.
15         THE COURT:  What about the issue of the motion to
16 amend?
17         MR. DENGLER:  Your Honor, this is Ralph Dengler on
18 behalf of Multimedia.  Your Honor, given the recent decision
19 by the district court in the district of New Jersey
20 following the magistrate's report and recommendation on the
21 amending issue, we believe that there's no need for amending
22 infringement contentions.
23         And similarly, Multimedia would not be seeking to
24 amend its invalidity contentions or amend the pleadings.  We
25 believe that Judge McNulty, who stepped in for Judge Salas

1  (ph) to deal with the report and recommendation issued a
2  thorough decision following the magistrate's thorough record
3  in his report and recommendation and that there was no good
4  cause or diligence on the part of WAG with respect to their
5  infringement contentions.  And we believe that Your Honor
6  can adopt that here, and we can move straight into the claim
7  construction phase.
8           THE COURT:  I understand that.  That's in the
9  footnote, Judge McNulty and Judge Hammer's (ph) decision.
10          Well, Mr. Jaffess, I wasn't asking you at this
11 point to argue the merits.  I think you'll bring your
12 motion, and I'll address it after the opposition.
13          I expect you've already started -- I know you've
14 started your conferring on this, but to the extent that the
15 issues can be narrowed and to the extent that, for example,
16 what Mr. Dengler has stated, that other bench officers have
17 considered this and what they've focused on considering
18 those issues -- not to say I'm going to adopt what they've
19 done, I won't make an independent decision, but to the
20 extent in the meet and confer process you can narrow the
21 issues, that would be helpful.
22          Now, I've alluded to this earlier.  As you noted
23 in your joint -- so I'm going to adopt the dates that I
24 stated earlier.
25          As you note in your Exhibit A on the issue of

1  discovery cutoff, there the disagreement concerning whether
2  further discovery should be permitted.  And as I said
3  earlier, I think that's an issue that I better address
4  somewhat later in the proceedings when I have a better
5  handle on what discovery dispute may arise with what
6  additional discovery is being sought.
7          And there is, of course, a process for discovery
8  disputes which involves the magistrate judge, but what I'd
9  ask you to do here, in light of the dates that are stated,
10 would be to meet and confer as you would be doing anyway in
11 an effort to identify in the context of the progress that's
12 been made in the proceedings what additional discovery is
13 being requested.  And then if there's a disagreement about
14 it, to present that -- either request a telephonic status
15 conference to discuss it, based on a joint submission
16 stating your respective views on it or prepare the necessary
17 document for the discovery dispute to be addressed.  But I
18 have in mind trying to find an efficient way to do it, so I
19 am willing to have a telephonic status conference with you
20 about a discovery resolution dispute process.
21         And to be clear, what I just said, I'm not
22 mandating that in connection with such a request at status
23 conference you present to me the entire completed document
24 that would be presented to the magistrate judge under our
25 local rules.  What I'm saying is I would need to have your

1 respective positions of the context of the discovery that's
2 being sought, why the party that's seeking it believes it's
3 appropriate and necessary, why the party to whom it's being
4 sought disagrees.  So I can put that in the context of where
5 we are in the pretrial process.
6          And, finally, I didn't mention this in discussing
7 dates, the final pretrial conference date will not be set
8 until after the final ruling on any motions that are brought
9 and/or pending as of the last day to file motions.
10          And, finally, I'll say with respect to the dates,
11 insofar as they do address certain deadlines -- and you're
12 all familiar, some things, in light of the Covid-19
13 Pandemic, are taking longer than they might take absent the
14 pandemic.
15          So to the extent that there's a difficulty in
16 meeting dates due to that, the parties again should confer
17 about that.  And if you present a proposed stipulation and
18 proposed order to modify dates for that good cause shown or
19 other good cause shown, I will review it.
20          With that said, Mr. Jaffess, is there anything
21 else you would like to say on any of these issues?
22          MR. JAFFESS:  Yes, Your Honor.  Just briefly on
23 the discovery dispute.  There is -- full damage discovery
24 has been bifurcated, and WAG, plaintiff, is seeking to
25 reverse that and move forward with damages discovery to

1  prepare this case for trial.  There's not any particular
2  dispute.  It's the timing of damages --
3              (Telephonic connection issue.)
4              THE COURT:  I see in the two boxes in Exhibit A,
5  you're saying including as to damages discovery, and then
6  the defendant says fact discovery as to liability.
7              Do you presently anticipate seeking discovery on
8  the matter other than damages?
9              MR. JAFFESS:  I don't believe so, Your Honor.  I
10 can't answer for certain, but no damage discovery is the
11 fact discovery that we are seeking.
12             THE COURT:  All right.  Thank you.
13             Mr. Dengler, at this point, would you oppose
14 discovery focused on damages, alleged damages?
15             MR. DENGLER:  Yes, Your Honor, we would.  The
16 damages were bifurcated for a reason.  That order from the
17 district of New Jersey does not have any basis to be
18 upended, particularly given the schedule that Your Honor
19 just set forth and how Your Honor desires that we work out
20 discovery going forward and doing that as a function of the
21 case proceeding.
22             And, as Your Honor just articulated moments ago,
23 so we figure we can meet and confer on this post Markman or
24 as the Markman process is winding down and then seek to put
25 together a joint status report or seek the telephonic status

1 conference route that Your Honor articulated if we need
2 assistance from the magistrate or Your Honor.
3         THE COURT: All right. Thank you, Mr. Dengler.
4         Mr. Jaffess, have you given thought to how much
5 discovery you think you would need if discovery on damages
6 were permitted to proceed? By that, I mean number of
7 depositions approximately or types of documents and whether
8 it would be parties and nonparties.
9         MR. JAFFESS: We believe that it would be
10 primarily, if not exclusively, parties, but as to number of
11 depositions, it would depend on the documents produced.
12 Certainly a 30(b)(6) deposition which could be split among
13 individual people, and I'm not certain because the documents
14 have not been produced what individuals might be involved
15 that require individual depositions.
16         THE COURT: And, Mr. Dengler, I understand your
17 view, which is the discovery shouldn't proceed -- excuse me,
18 damages discovery should be stayed until other issues, all
19 other issues, are resolved?
20         MR. DENGLER: Yes, Your Honor. I mean,
21 predispositive motions, we'd be open to that. I think
22 following off of the schedule Your Honor set forth regarding
23 the Markman hearing and the decision time frame, that the
24 parties could then pick up meeting and conferring regarding
25 the scope of damages discovery.

```
 1              THE COURT:  Well, as I said earlier, it's
 2  something I'll look at later.  But given the current
 3  deadline of June 30, and to the extent that the parties
 4  disagree as to whether that should or should not include
 5  damages discovery and your meet and confer process as you go
 6  forward, keep that date in mind and the amount of discovery
 7  that's necessary and how long it will take so that the issue
 8  can be timely presented in a fashion that if discovery on
 9  damages were permitted, it could be completed within that
10  time frame or shortly thereafter.
11              MR. DENGLER:  Yes, Your Honor.
12              THE COURT:  Okay.  Thank you.
13              Now, I believe you agreed that the Doe defendants
14  will be dismissed.  Is that correct, Mr. Jaffess?
15              MR. JAFFESS:  Yes, Your Honor, we have agreed to
16  dismiss without prejudice the Doe defendants.
17              THE COURT:  And when will you do that?  Can you do
18  that within ten days?
19              MR. JAFFESS:  Yes, Your Honor.
20              THE COURT:  Mr. Jaffess, is there any other issue
21  you wanted to discuss today?
22              MR. JAFFESS:  No, Your Honor.  Thank you very
23  much.
24              MR. DENGLER:  No, Your Honor.  Thank you.
25              And thank you, counsel.
```

1      THE COURT:  Thank you all.  And that concludes our
2 hearing.
3      MS. HAUESLER:  Thank you, Your Honor.
4      MS. BROOKS:  Thank you, Your Honor.
5      THE COURT:  Thank you.
6   (*Thereupon, at 1:51 p.m. proceedings adjourned*)

8                          -oOo-

## CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript format is in conformance with the regulations of the Judicial Conference of the United States.

Date:   October 15, 2020

```
                                    Lisa M. Gonzalez
                          /s/_____
                          Lisa M. Gonzalez, U.S. Court Reporter
                          CSR No. 5920
```